United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES HENRY LEVY,

Plaintiff,

v.

SAN JOAQUIN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,

Defendants.

Case No. 13-cv-00533-JCS

**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 WITH LEAVE TO AMEND.**

## I. INTRODUCTION

Plaintiff James Levy (hereafter "Plaintiff") brings this action against the San Joaquin County Department of Child Support Services and its employees Judith A. Grimes, Jennifer E. Fry, and Moana I. Morales ("Defendants"). Plaintiff alleges that Defendants misrepresented the validity of a child support order by stating that Plaintiff was out of compliance with his child support obligations, and that Defendants' misrepresentations led to the revocation of Plaintiff's license to work as a security guard, Plaintiff's driver's license, as well as the reduction of Plaintiff's wages and unemployment benefits. Plaintiff asserts that Defendants' conduct has deprived him of his due process rights under the Fifth and Fourteenth Amendments and that Defendants are liable under federal and state laws for committing perjury, fraud and tortious misrepresentation.

Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is frivolous or malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons

explained below, the Court finds that Plaintiff has failed to state a claim and DISSMISSES the Complaint WITH LEAVE TO AMEND.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in late August of 2010, he received a letter from the San Joaquin Department of Child Support Services ("DCSS") claiming that Plaintiff owed more than $24,000 in back child support. Complaint ("Compl.") ¶ 21. Shortly thereafter, Plaintiff started receiving statements every month with no monthly amount due. *Id.*

Plaintiff was employed as a security guard by U.S. Security Associates ("USSA"), *see id.* ¶ 23, which is regulated by the Bureau of Security and Investigation Services ("BSIS"), http://www.bsis.ca.gov/. Plaintiff alleges that in April of 2011, he received a "notice of suspension" from BSIS informing him that "the local Child Support Agency has identified you as a person who is out of complaisance [sic] with the following child or family support judgments or orders," and that Plaintiff's Guard Registration would be suspended in August 2011. *Id.* ¶ 22. On May 5, 2011, Plaintiff discovered that his paycheck from USSA was short over $269 dollars as a result of a garnishment order sent by the San Joaquin DCSS. *Id.* ¶ 23. The next year, the San Joaquin DCSS authorized a significant increase in the amount of child support authorized to be deducted from Plaintiff's wages. *Id.* ¶ 31.

Plaintiff alleges that he sent the San Joaquin DCSS a "cease and desist" letter demanding that Defendants stop their activities. Compl. ¶ 24. According to Plaintiff, Defendants complied in part by cancelling the suspension of his Guard Registration, but also refused to stop garnishing his wages. *Id.* Nevertheless, Plaintiff later received another notice from BSIS informing him that San Joaquin DCSS had identified Plaintiff as the person out of compliance with a child or family support order, and that his Guard Registration would be suspended as of January 17, 2012. *Id.* ¶ 28. Plaintiff alleges that his Guard Registration was suspended on that date and remained suspended at the time he filed the instant Complaint. *Id.* Plaintiff stopped working at USSA on October 28, 2012. *Id.* ¶ 33.

When Plaintiff's hours were reduced in September of 2011, Plaintiff began working part time and filed for unemployment benefits. Compl. ¶ 26. Before Plaintiff received the first

unemployment check, he was informed that 25% of his benefits would be forwarded to San Joaquin DCSS. *Id.* In December of 2011, Plaintiff also learned that his driver's license would be suspended as of January 19, 2012, which it was. *Id.* ¶ 27. Like the BSIS, the Department of Motor Vehicles told Plaintiff that the only way for him to reinstate his license was to get a release from the San Joaquin DCSS. *Id.* ¶ 43.

Plaintiff alleges that the San Joaquin DCSS fraudulently misrepresented that it had the right to garnish Plaintiff's wages based on an invalid court order. Compl. ¶ 12. Plaintiff asserts that to enforce a judgment in a child support case, California Family Code § 17400(a) requires the San Joaquin DCSS to first obtain an order in the San Joaquin Superior Court. *Id.* ¶ 16. That section provides, in relevant part:

> Each county shall maintain a local child support agency, as specified in Section 17304, that shall have the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations, including medical support, enforcing spousal support orders established by a court of competent jurisdiction….

Cal. Fam. Code § 17400(a).

Plaintiff alleges that he retrieved the "Order after Hearing" form sent by San Joaquin DCSS to USSA, and that form indicated that a hearing had taken place in the Superior Court for the County of San Mateo on September 13, 2006. *Id.* ¶ 23. The form further indicated that Alameda County DCSS was the petitioner/plaintiff in that action, that Plaintiff Levy was the defendant sued for child support, and that the San Mateo County DCSS−not the San Joaquin DCSS−was designated as Payee. *Id.* ¶¶ 23, 37. Presumably on this basis, Plaintiff alleges that Defendants do not have an order in which they are designated as payee. *See id.* ¶ 17.

Plaintiff further alleges that he investigated and learned that the Alameda County DCSS−the designated plaintiffs on the "Order after Hearing" form−did not attend the hearing which took place in the Superior Court of San Mateo County on September 13, 2006. Compl. ¶ 37. Plaintiff asserts that on September 6, 2006, the Alameda County DCSS filed with the Alameda County Superior Court a "Notice Regarding Payment of Support" in which it said that it was no longer providing any services. *Id.* Plaintiff thereby alleges that "Alameda County DCSS did not and could not sue him in another county, for many reason but, jurisdiction and due process

are two." *Id*. Plaintiff further asserts that the "Order after Hearing" form was not signed as an order of the court by a judge. *Id*.

Plaintiff also alleges that the "Income Withholding Order/Notice" forms sent by San Joaquin DCSS to his employer on April 22, 2011 and July 12, 2012 were each accompanied by a cover letter which contained fraudulent misrepresentations of the law. Compl. ¶ 35. Plaintiff asserts that the letter sent on April 22, 2012 read, in part:

> As an employer, you are required by law to comply with this order and notice. If you do not comply, you may be subject to sanctions or penalties including, but not limited to, those available under California Family Code (FC) Sections 5241 and 3768.
>
> ***These sections specifically state*** that willful failure to comply may result in liability for the amount of support not withheld, including interest, as well as any health care cost incurred that would otherwise have been covered under the health care plan. These sections also state that such conduct by an employer may be punished as contempt of court under California Code of Civil Procedure Section 1218.

*Id*. ¶ 35. California Family Code §§ 5241 and 3768 do in fact subject an employer to liability for the amount of child support not withheld and health care costs incurred that would otherwise have been covered, as well as contempt of court for willful failure to comply with a garnishment order. Cal. Fam. Code §§ 5241, 3768. Nevertheless, Plaintiff alleges that Defendants misrepresented the "intent" of the law because neither section is "intended for use with an income withholding order/notice." *Id*. ¶ 36.

Plaintiff also alleges that the "Income Withholding Notice/Order sent" to USSA on April 22, 2011 requiring the garnishment of his wages was "not a proper form fl-195" but a "recreation." Compl. ¶ 34. Plaintiff asserts that the form had an expiration date of May 31, 2010, and therefore had expired by 11 months and 9 days. *Id*.

Plaintiff further alleges that the San Joaquin DCSS committed perjury, fraud and tortious misrepresentation which resulted in the garnishment of Plaintiff's unemployment benefits and revocation of Plaintiff's Guard Registration. California Family Code § 17518(a) provides, in relevant part:

> Whenever a support judgment or order has been rendered by a court of this state against an individual who is entitled to any

> unemployment compensation benefits or unemployment compensation disability benefits, *the local child support agency may file a certification* of support judgment or support order with the Department of Child Support Services, *verifying under penalty of perjury that there is or has been a judgment or an order* for support with sums overdue thereunder.

Cal. Fam. Code § 17518(a) (emphasis added). Plaintiff alleges that San Joaquin DCSS made false certifications under section 17518(a) to the State Department of Child Support Services that there was an order for child support due, when in fact, there was none. Compl. ¶ 38.

Plaintiff did not assert any specific causes of action in his Complaint. Rather, Plaintiff asserts that Defendants' conduct has deprived him of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff further asserts that Defendants are liable under federal and state laws for committing perjury, fraud and tortious misrepresentation.

## III. LEGAL STANDARD

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1), and is granted leave to proceed in forma pauperis, courts must engage in a preliminary screening and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In determining whether a plaintiff fails to state a claim, the Court assumes that all factual allegations in the Complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to … mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

Where the complaint has been field by a *pro se* plaintiff, as is the case here, courts must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). A *pro se* complaint therefore should not be dismissed if it states a claim under any legal theory, even if a plaintiff erroneously relies on a different legal theory. *See, e.g., Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464-65 (9th Cir. 1985).

## IV. DISCUSSION

### A. Due Process Claim

Plaintiff asserts that Defendants' conduct has deprived him of his due process rights protected under the Fifth and Fourteenth Amendments. Compl. ¶ 12. As a threshold matter, Plaintiff's claim under the Fifth Amendment must be dismissed because the Fifth Amendment "appl[ies] only to actions of the federal government–not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (dismissing Fifth Amendment due process and equal protection claims brought against the City of Los Angeles because the plaintiffs did not allege that any of the defendants were federal actors). Plaintiff asserts his claim against the San Joaquin DCSS and employees of the San Joaquin DCSS, and has not named any federal actor as a defendant in the Complaint. Therefore, Plaintiff's claim arising under the Fifth Amendment is dismissed with prejudice.

Plaintiff's claim under the Fourteenth Amendment must also be dismissed, though with leave to amend. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. As a preliminary matter, the Court notes that Plaintiff did not assert his due process claim through the proper vehicle of 42 U.S.C. § 1983, which provides a private cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Plaintiff will have the opportunity to correct this point in an amended complaint. Nevertheless, even if Plaintiff had asserted a claim under § 1983, the Fourteenth Amendment due process claim still must be dismissed because Plaintiff's factual allegations do not show a "deprivation of a right secured by the Constitution and the law of the United States" required to state a claim under § 1983. *Chudacoff v. Univ. Med. Center of Southern Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011).

The Fourteenth Amendment contains both procedural and substantive due process protections. *United States v. Salerno*, 481 U.S. 739, 746 (1987). Plaintiff does not specify whether he is alleging procedural or substantive due process claims. The Court construes the Complaint as alleging both.

United States District Court
Northern District of California

1. Substantive Due Process

The substantive component of the Due Process Clause "forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir. 1998) (internal quotations omitted). It "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive due process "forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). However, "[s]ubstantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Brittain v. Hansen*, 451 F.3d 982, 991-92 (9th Cir. 2006) (citing *Washington v. Glucksberg*, 521 U.S. 702, 721-22 (1997)). Where there is no fundamental liberty interest at stake, the government need only show that the intrusion is rationally related to the achievement of a legitimate government interest. *See Glucksberg,* 521 U.S. at 722. Among the liberty interests that have been found to be fundamental are the right to marry, *see Loving v. Virginia*, 388 U.S. 1 (1967), to have children, *see Skinner v. Oklahoma*, 316 U.S. 535 (1942), to direct the education and upbringing of one's children, *see Myer v. Nebraska*, 262 U.S 390 (1923), to marital privacy, *see Griswold v. Connecticut*, 381 U.S. 479 (1965), to use contraception, *see Eisenstadt v. Baird*, 405 U.S. 438 (1972), to bodily integrity, *see Rochin v. Californi*a, 342 U.S. 165 (1952), and to abortion, *see Planned Parenthood of Southeastern Pa. v. Casey,* 505 U.S. 833 (1992).

Plaintiff has not alleged the deprivation of a fundamental liberty interest or any facts to show that there was an infringement of his constitutional rights which was not rationally related to a legitimate government objective. Plaintiff alleges that Defendants wrongfully garnished Plaintiff's wages and unemployment benefits by misrepresenting the existence and validity of a court order, and also misrepresented the existence and validity of that court order to BSIS and the Department of Motor Vehicles. However, Plaintiff has not alleged any facts to show that he does not owe child support. Instead, Plaintiff merely alleges that the court order authorizing the

United States District Court
Northern District of California

garnishment of his wages is invalid on the basis of various technicalities. Thus, as currently pled, Plaintiff's allegations do not show that he has been deprived of "property in such a way that shocks the conscience or interferes with rights implicit in the concept of liberty." *Nunez*, 147 F.3d at 81. In order to state a viable substantive due process claim in an amended complaint, Plaintiff must allege facts which show that Defendants' actions were not rationally related to a legitimate government interest.

2. Procedural Due Process

To sufficiently allege a claim based on the denial of procedural due process, Plaintiff must first allege that he had a liberty or property interest that was interfered with by the government, and further that the procedures protecting that interest were constitutionally inadequate. *See Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009). To determine whether Plaintiff had a liberty or property interest, the "interest may arise from either of two sources: the due process clause itself or state law." *Id.*; *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) (Property interests protected by the Fourteenth Amendment "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law"). However, "[s]tate law can create a right that the Due Process Clause will protect *only if* the state law contains (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1155 (9th Cir. 2012) (internal quotations omitted) (emphasis added); *see also Hewitt v. Helms*, 459 U.S. 460, 472 (1983). "In order to contain the requisite substantive predicates, the state law at issue must provide more than [a mere] procedure, it must protect some substantive end." *Marsh*, 680 F.3d at 1156 (internal quotations omitted). Moreover, "[a] mere 'unilateral expectation' of a benefit or privilege is insufficient; the plaintiff must 'have a legitimate claim of entitlement to it.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 872 (9th Cir. 1998) (quoting *Roth*, 408 U.S. at 577).

The Court first considers whether Plaintiff has a constitutionally protected property interest that was interfered with by the government, based either on state law or the Due Process Clause itself. *Carver*, 558 F.3d at 872. Plaintiff has not identified any interest that is protected by the

Due Process Clause. Although Plaintiff alleges that Defendants' conduct deprived him of his interest in wages, unemployment benefits, as well as his driver's license and Guard Registration, at no point in the Complaint does Plaintiff allege that he does not owe child support. Where there is no "legitimate claim of entitlement" to a property interest, a claim based on the deprivation of procedural due process fails. *Roth*, 408 U.S. at 577. Moreover, Plaintiff has failed to cite any authority to show that the child support order is invalid merely because the Alameda DCSS was not present at the child support hearing, the San Joaquin DCSS was not designated as payee on the court order, or because the copy of the child support order he received was not signed by a judge. *See* Compl. ¶ 37. Without any plausible basis to suggest that Plaintiff was deprived of property to which he was entitled based on a nonexistent or invalid child support order, Plaintiff's allegations do not establish that he was deprived of an interest protected by the Due Process Clause itself.

Plaintiff also fails to state a due process claim based on a state statute. "State law can create a right that the Due Process Clause will protect *only if* the state law contains (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *Marsh*, 680 F.3d at 1155 (emphasis added). Plaintiff contends that California Family Code § 17400(a) requires a local child support agency to get a child support order from the county in which it is located. However, California Family Code § 17400(a) merely provides that "[e]ach county shall maintain a local child support agency… that shall have the responsibility for … enforcing child support obligations … established by a court of competent jurisdiction." Cal. Fam. Code § 17400(a). The statute does not require a child support agency to get an order from its own county, and furthermore, does not confer any substantive right upon Plaintiff. Thus, California Family Code § 17400(a) cannot provide the basis for a procedural due process claim.

Even if Plaintiffs' allegations were to establish that he had a protected property interest, there is still no procedural due process claim because Plaintiff has not alleged facts to show that the procedural protections accorded to him were constitutionally inadequate. Plaintiff does not allege, for instance, that he was deprived of notice or a fair hearing before the court issued an order regarding his child support obligations. Rather, Plaintiff alleges that a hearing in fact took

place on September 13, 2006 in the Superior Court for the County of San Mateo, but that he was not present, and also alleges that he did not know how to read or understand court orders, forms and legal papers. Compl. ¶¶ 29, 37. Such allegations do not provide a basis for a procedural due process claim. This claim is dismissed with leave to amend.

**B. Subject Matter Jurisdiction**

Having failed to state a claim for relief under 42 U.S.C. § 1983 on the basis of the deprivation of Plaintiff's Fourteenth Amendment due process rights, Plaintiff's Complaint contains no claim for relief based on a federal right.[1] To the extent Plaintiff has failed to state a claim for relief based on a federal right, the Court lacks jurisdiction over this case. Although Plaintiff alleges that this Court has diversity jurisdiction over his claims, *see* Complaint ¶ 12, there is no diversity jurisdiction because Plaintiff has not alleged that the amount in controversy exceeds $75,000, and has alleged that he and Defendants are all citizens of California, *see id*. ¶¶ 5-9, thus complete diversity is lacking. Subject matter jurisdiction must therefore be based solely on federal question jurisdiction, and Plaintiff must state a claim for relief based on a federal right to establish jurisdiction over this case. *See* 28 U.S.C. § 1331.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff has thirty (30) days within the issue date of this order to file a First Amended Complaint. If Plaintiff does not file an amended complaint, the clerk is directed to close the file.

IT IS SO ORDERED.

Dated: May 6, 2013

JOSEPH C. SPERO
United States Magistrate Judge

[1] Although perjury is a federal crime, *see* 18 U.S.C. § 1621, there is no private right of action which would enable Plaintiff to assert this claim in a civil lawsuit. The Supreme Court has stated that "private rights of action to enforce federal law must be created by Congress," and that without a congressional intent to create a private remedy, "a cause of action does not exist and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001).